UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

VFS US LLC
d/b/a MACK FINANCIAL SERVICES

VERSUS

BARRY ST. GERMAIN

CIVIL ACTION

NO. 09-CV-167-JJB

## RULING ON MOTION FOR ATTORNEYS FEES

This matter is before the court on plaintiff's motion for attorney's fees. (doc. 13). On July 1, 2009, the Court granted summary judgment in favor of plaintiff for the total amount of $84,206.09 owed plus attorney's fees and costs. Plaintiff filed the Motion for attorney's fees on July 14, 2009. Defendant did not file an opposition. There is no need for oral argument.

### DISCUSSION

In Louisiana, attorneys' fees are only allowed where authorized by statute or contract. *State, Dept. Of Transp. and Dev. v. Williamson*, 597 So.2d 439, 441 (La.1992). Here, the three contracts at issue provide for attorney's fees:

> Buyer agrees to pay, on demand, all attorneys' fees...which may be incurred by Seller in the enforcement of this Contract or in any way arising out of the protection, enforcement, or assertion of this Contract, whether or not suit is brought. *(Doc. 13-3, exhibit A at "Miscellaneous", exhibit B at "Miscellaneous", exhibit C at "Miscellaneous.")*

1

Counsel for plaintiff has provided an affidavit of a good faith estimate of the hours expended in the prosecution of plaintiff's case. That affidavit shows that 14.5 hours were expended over the course of the case. As support, Counsel has provided a timesheet evidencing numerous phone calls to his client as well as the drafting of the complaint and two motions for summary judgment (the first motion was dismissed from the Court's docket). The Court finds that the reported hours are reasonable. The 14.5 hours were billed at a rate of $200 per hour, resulting in a total of $2,900.

In Louisiana, attorneys' fees are subject to review and control by the courts, and counsel cannot collect fees "clearly excessive." <u>Nat'l Info. Serv. Inc. v. Gottsegen</u>, 98-528 (La.App. 5 Cir. 6/1/99), 737 So.2d 909. However, as Louisiana's Fourth Circuit noted:

> Article 2000 [State law] authorizes a valid contract for attorney fees and the courts should not interfere with that contract unless there is a "clearly excessive fee" involved . . . We interpret that term to mean so grossly out of proportion with the fees charged for similar services by other attorneys in the locale as to constitute an unquestionable abuse of the attorney's professional responsibilities to the public.

<u>Gibson v. Burns</u>, 505 So.2d 66, 69 (La. App.4th Cir. 1987).

When determining the reasonableness of attorney fees, this Court considers the several different factors set forth in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974). The "<i>Johnson factors</i>", as they are commonly called, include: the time and labor required; the novelty and difficulty of

the questions at issue; the skill required to perform the legal service properly; the preclusion of other employment due to the attorney's involvement in the instant case; the customary fee; whether the fee is fixed or contingent; the results obtained; the experience, reputation and the ability of the attorneys; the undesirability of the case; the nature and length of the professional relationship with the client and awards in similar cases.

Plaintiff's counsel is a Senior Level Litigation Associate with the law firm of Adams and Reese, LLP, a multidisciplinary law firm comprised of over 275 attorneys with several offices. *(Doc. 13-3, exhibit D at 1).* He has practiced law in state and federal courts in Louisiana since October of 2003. *Id.*

The casework involved the close examination of three different contracts. Counsel drafted a detailed complaint and a comprehensive motion for summary judgment. For services rendered, counsel requests $2,900.00, which amounts to 3.4% of the judgment. This percentage is not "clearly excessive." *See Liberty Bank & Trust Co. v. Dawson*, 580 So.2d 1124 (La. App. 1st Cir. 1991) (affirming attorneys' fee award of 20% recovered); *Rollow v. Lousteau*, 522 So.2d 183 (La. App. 5th Cir. 1988) (attorneys' fee award reduced, but still 7% of recovery); *Oubre v. Bank of St. Charles & Trust Co.*, 499 So.2d 602 (La. App. 5th Cir. 1986) (reducing attorneys' fee award, but still 5% of recovery). Thus, this court finds that an amount of $2,900.00 in attorney's fees is reasonable.

Accordingly, the motion by plaintiff for attorney's fees (doc. 13) is hereby GRANTED, and plaintiff is hereby awarded attorney's fees of $2,900.00.

Signed in Baton Rouge, Louisiana, September 2nd, 2009.

JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA